IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALVA WILHELM, BRADLEY WILHELM, and
RANDY WILHELM,

        Plaintiffs,

vs

Case No. C3 03 786

KNOX COUNTY, OHIO;
KNOX COUNTY SHERIFF'S DEPARTMENT;
DAVID BARBER, KNOX COUNTY SHERIFF;
KEVIN CARPENTER;
MARK RUTHERFORD;
COLLEGE TOWNSHIP, KNOX COUNTY, OHIO;
MONROE TOWNSHIP, KNOX COUNTY, OHIO;
WILLIAM BAER; JAMES SAMUELL,
RICHARD DZIK; MICHAEL MILLER;
the MOUNT VERNON, OHIO POLICE
DEPARTMENT; MOUNT VERNON, OHIO;
JEFF JACOBS; TROY GLAZIER,
and ROBERT LEWIS.

JUDGE FROST

MAGISTRATE JUDGE ABEL

        Defendants.

**COMPLAINT-JURY DEMAND ENDORSED HEREON**

**JURISDICTION**

1. This Court has jurisdiction of this Action pursuant to 42 U.S.C. §§1331 and 1343 to enforce rights granted by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction of state claims.

**PARTIES**

2. Plaintiffs are residents of Knox County, Ohio and citizens of the United States. They own about 500 acres in Knox County and are propane gas suppliers. Defendants' illegal actions took

1

place on plaintiffs' property in Knox County, Ohio.

3. At all times relevant to this Complaint, defendants Carpenter was a sergeant and Rutherford was a deputy in the Knox County Sheriff's Department. They acted individually and on behalf of the Knox County Sheriff's Department. They are being sued in their individual and official capacities.

4. Defendants Baer, Samuell, and Dzik were at all times relevant to this Complaint volunteer firefighters for the College Township and Monroe Township Fire Department. College Township and Monroe Township are local governmental entities that have one Fire Department and are responsible for the operation of the Fire Department. Defendant Baer was a lieutenant in the College-Monroe Township Fire Department and supervised the activities of the other firefighters during the incidents that occurred on September 2, 2002. Defendants Baer, Samuell, and Dzik acted individually and on behalf of College Township and Monroe Township. They are being sued in their individual and official capacities.

5. Defendants Jacobs and Glazier were at all times relevant to this Complaint officers of the Mount Vernon, Ohio Police Department. They acted individually and on behalf of the Mount Vernon Police Department, which is part of the city of Mt. Vernon. They are being sued in their individual and official capacities.

6. Defendant Michael Miller was at all times relevant to this Complaint an employee of the Ohio Department of Natural Resources, Division of Wildlife, who was stationed in Mount Vernon, Ohio. He is being sued in his individual capacity.

7. All the individual defendants were at all times relevant to this Complaint officials who were acting under color of state law.

## FACTUAL ALLEGATIONS

8. On September 2, 2002, plaintiffs were mowing the grass and were burning trash on their property in Knox County. The size of the fire was extremely small. Defendants Baer, Samuell, and Dzik trespassed onto plaintiffs' property and applied water to the fire.

9. Defendant Baer contacted the Knox County Sheriff's Department to take action against plaintiffs, although he had no reason to believe that plaintiffs had committed any crime.

10. Defendants Carpenter and Rutherford of the Knox County Sheriff's Department responded to defendant Baer's call and entered onto plaintiff's property without an arrest warrant or search warrant and without plaintiffs' permission. The Mount Vernon, Ohio Police Department was also contacted, and defendants Jacobs and Glazier arrived onto plaintiff's property without an arrest warrant or search warrant and without plaintiffs' permission.

11. Defendant Carpenter threatened to arrest plaintiffs, although they had committed no crime. Defendant Carpenter arrested, charged, and prosecuted plaintiff Alva Wilhelm, without probable cause to believe that he had committed a crime. Defendant Carpenter also intentionally hit plaintiff Alva Wilhelm without consent and without the right to do so, throwing him against the tractor door, throwing him to the ground and throwing him into the sheriff cruiser, causing him to bleed, rendering him unconscious, and causing him to have a seizure and a heart attack. Plaintiff Wilhelm was taken to the Knox County Hospital for treatment because of defendant Carpenter's actions. Defendant Carpenter used excessive force in seizing and arresting plaintiff Alva Wilhelm. Defendant Carpenter also detained plaintiff Alva Wilhelm unlawfully. Defendants conduct with respect to Alva Wilhelm was outrageous and caused emotional distress that was severe and debilitating.

3

12. Defendants Rutherford, Baer, Samuell, Dzik, Jacobs, and Glazier intentionally hit plaintiff Bradley Wilhelm without consent and without the right to do so during the incident on September 2, 2002, causing injury. Defendants Rutherford and Carpenter arrested Bradley Wilhelm and charged and prosecuted him for crimes. Defendants did not have probable cause to believe that Bradley Wilhelm had committed a crime. Defendants used excessive force in seizing and arresting plaintiff Bradley Wilhelm. In addition, said defendants detained Bradley Wilhelm unlawfully.

13. On December 3, 2002, defendant Lewis was trespassing and hunting on plaintiffs' property without plaintiffs' permission. Lewis shot himself in the foot, or was shot in the foot by his grandson. An agent of Knox County filed a criminal charge against plaintiff Bradley Wilhelm, based on information provided by Defendant Lewis, for felonious assault, although there was no probable cause and no reason to believe that Bradley Wilhelm had committed a crime. The Knox County prosecutor later dismissed the charge.

14. On December 7, 2003, Defendant Miller came on to plaintiffs' yard without a search warrant or arrest warrant and without the permission of plaintiffs. Upon information and belief, the Knox County Prosecutor, John Baker, had asked defendant Miller to go onto the plaintiffs' property in order to obtain Bradley Wilhelm's gun in a vain attempt to try to get some evidence that could tie Bradley Wilhelm to the bullet that hit Lewis' foot. Defendant Miller saw that Randy Wilhelm was carrying a tape recorder and then pulled a gun on plaintiffs, without any valid reason; intentionally shoved plaintiff Randy Wilhelm to the ground; dragged Randy Wilhelm on the ground; and threatened to shoot and mace plaintiff Randy Wilhelm without the right to do so. Defendant Miller, while pointing his gun at Randy Wilhelm's head, shouted to Bradley Wilhelm that he would shoot his brother if Bradley Wilhelm did not come to where he was standing. Defendant Miller arrested

4

plaintiffs Randy Wilhelm and Bradley Wilhelm and charged them with crimes, although defendant Miller had no reason to believe that the Wilhelms had committed any crime. Defendant Miller detained plaintiffs unlawfully and used excessive force in seizing and arresting plaintiffs. Defendant Miller's conduct was outrageous and caused emotional distress on plaintiffs that was severe and debilitating.

15. Defendants in committing the acts alleged above acted individually and in conspiracy with the other defendants on all three occasions stated above to provoke, harass, and hit plaintiffs and to have them arrested and charged with crimes.

16. The acts of the defendants were intentional, malicious, and with wrongful disregard for the rights of the plaintiffs.

17. As a result of the conduct of defendants that has been alleged above, plaintiffs suffered severe physical injury and pain and emotional, mental, and psychological distress. In addition, defendants, by committing the acts alleged above, caused plaintiffs to lose business and to incur more than $90,000 in attorneys fees, medical bills and other types of out-of-pocket expenses.

18. Defendants Monroe Township, College Township, Knox County, Knox County Sheriff's Department, Barber, Mount Vernon, Ohio, and the Mount Vernon, Ohio Police Department either knew or should have known of the unlawful practices alleged in this Complaint, and did nothing to prevent them. These defendants inadequately trained their officers, which caused the unlawful acts and practices complained of. In addition, these defendants did not provide proper supervision of the individually named defendants and took no action against them after they became aware of their unlawful actions.

## CLAIMS FOR RELIEF

## 42 U.S.C. §1983 AND FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION

19. Paragraphs 1-18 are realleged and incorporated herein

20. Defendants did not have probable cause to arrest or charge plaintiffs on all three occasions stated above and acted individually and in conspiracy with other defendants to deprive plaintiffs of the right to be free from unreasonable seizures, and of life, liberty, and property without Due Process, in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution. It was clearly established at the time of the actions of the individual defendants that their actions violated the Constitution.

21. All the defendants, other than Lewis, in committing the acts alleged above, targeted plaintiffs for arrest, charge, and prosecution, because of their personal animosity against the plaintiffs, in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

## FALSE ARREST

22. Paragraphs 1-21 are realleged and incorporated herein

23. Defendants' actions constitute false arrest.

## MALICIOUS PROSECUTION

24. Paragraphs 1-23 are realleged and incorporated herein

25. Defendants' actions constitute malicious prosecution

## ABUSE OF PROCESS

26. Paragraphs 1-25 are realleged and incorporated herein

27. Defendants' actions constitute abuse of process.

## ASSAULT AND BATTERY

28. Paragraphs 1-27 are realleged and incorporated herein

29. Defendants, other than defendant Lewis, assaulted and battered plaintiffs.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Paragraphs 1-29 are realleged and incorporated herein

31. Defendants committed intentional and negligent infliction of emotional distress.

WHEREFORE, plaintiffs request that they be awarded compensatory and punitive damages, reasonable attorneys fees, and costs.

Alexander M. Spater (0031417)
SPATER LAW OFFICE
565 East Town Street
Columbus, Ohio 43215
(614) 222-4734
Fax: (614) 222-4738
Trial Attorney for Plaintiffs

Plaintiffs request a jury to hear and decide all issues of fact in this case.

Alexander M. Spater